UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADINE DARI,

Plaintiff,

vs.

THE CITY OF NEW YORK, WING F. CHAN, ANTHONY SICA, JOSEPH ANTONIO, ANGELICA AMAYA, MARCIN STECKIEWICZ, MARIA O. LANDY, ERIK J. GREEN, JOHN DOES 1-3, individually and in their official capacities,

Defendants.

**COMPLAINT**

**Case No.** 26-cv-4483

Plaintiff NADINE DARI, by and through her attorneys, Cohen&Green P.L.L.C., The Aboushi Law Firm, P.L.L.C., and Gideon Orion Oliver, hereby complains of Defendants as follows:

## INTRODUCTION

1. Plaintiff Nadine Dari ("Ms. Dari") is a 20-year-old student at the City College of New York. On April 27th, 2025, while Ms. Dari was participating in a protest in Brooklyn, New York, members of the NYPD violently assaulted Ms. Dari and arrested her on false grounds. Ms. Dari brings this suit seeking redress for Defendants' misconduct.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), since Plaintiffs' federal and state law claims arise from a common nucleus of operative facts and are so intertwined as to make the existence of supplemental jurisdiction over the state law claims appropriate.

4. Venue is proper in the United States District Court for the Eastern District of New

York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant City resides in this district and a substantial part of the events and/or omissions described herein occurred in this district.

## GENERAL MUNICIPAL LAW COMPLIANCE

5. Plaintiff served a timely Notice of Claim on the municipal Defendant.

6. At least thirty days have elapsed since the service of Plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused.

7. A hearing pursuant to General Municipal Law 50-H was held for Plaintiff on November 26, 2025.

8. Plaintiff has complied with all conditions precedent to commencing an action such as this one against Defendant City under New York law.

## JURY DEMAND

9. Plaintiff demands a trial by jury in this action of all issues that are triable by jury.

## PARTIES

10. Plaintiff Nadine Dari ("Ms. Dari"; she/her) is a 20-year-old student, attending the City College of New York.

11. Plaintiff is a resident of Brooklyn, New York.

12. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of ("City") the laws of the State of New York.

13. Defendant City maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all ("NYPD") functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

14. Upon information and belief, Defendant NYPD Members WING F. CHAN (Shield No. 3168; NYPD Tax Registration No. 952573), ANTHONY R. SICA (Shield No. 1073, NYPD Tax Registration No. 943815), JOSEPH ANTONIO (NYPD Tax Registration No. #939815), ANGELICA AMAYA (NYPD Tax Registration No. 937978); MARCIN STECKIEWICZ (NYPD Tax Registration No. 955529), MARIA O. LANDY (Shield No. 16018, NYPD Tax Registration No. 947153), ERIK J. GREEN (Shield No. 2380, NYPD Registration No. 936697), and JOHN DOES 1-3 (collectively, the "Individual Defendants") were, at all times relevant herein, members of the NYPD.

15. The true and complete names, ranks, and shield numbers of Defendants JOHN DOES 1-3 are not currently known. However, they were employees or agents of the City of New York and/or NYPD on the dates of the incidents. Accordingly, they may be entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Ms. Dari intends to name said officers as defendants in an amended pleading once their true and complete names, ranks, and shield numbers become known and (b) that the Law Department should immediately begin preparing their defense(s) in this action.

16. Each Individual Defendant is sued individually and in their official capacity.

17. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18. Each and all of the acts and omissions of Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by Defendant City

19. All Individual Defendants were duly appointed and acting officers, servants, employee, and agents of Defendant City who were acting for, and on behalf of, and with the power

and authority vested in them by their employer(s) and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

20. The Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

21. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

## STATEMENT OF FACTS

22. On April 27, 2025, at or around 10:30 a.m., Nadine Dari was present at the intersection of Ocean Parkway and Avenue U in Brooklyn, New York for a protest.

23. There was a large and disproportionate NYPD presence at the protest.

24. Ms. Dari was standing on a sidewalk near the intersection, amongst other protesters engaged in First Amendment activity.

25. There was a significant counter-protester presence at the demonstration, including primarily men, shouting, spitting, and cursing at protesters and chanting at NYPD to conduct arrests.

26. Members of the NYPD, including but not limited to Defendant Sergeant Wing Chan, began violently pushing the crowd of protesters, including Ms. Dari, from the sidewalk into the street and onto the intersection of Ocean Parkway and Avenue U.

27. Upon information and belief, this caused protestors to fall over each other.

28. Ms. Dari noticed a fellow protester had fallen to the ground in front of her

and attempted to help them stand up.

29. Before Ms. Dari could help the individual up, Defendant Chan lunged at Ms. Dari and tackled her to the ground, onto the intersection.

30. Defendant Chan dragged Ms. Dari further into the street and climbed on top of her.

31. Defendant Chan punched Ms. Dari in the head with a closed fist multiple times.

32. Defendants Doe 1 and 2 pulled each of Ms. Dari's legs and restrained her while Defendant Chan punched Ms. Dari in the head.

33. Multiple male counter protesters observing Ms. Dari began cheering as she was punched.

34. Defendant Doe 3 or Defendant Antonio grabbed Ms. Dari by her wrist and dragged her across the ground.

35. Defendant Doe 3 or Defendant Antonio shouted at Ms. Dari to roll over on her front.

36. Ms. Dari began to comply by rolling onto her knees.

37. Once Ms. Dari was on her knees, Defendant Doe 3 or Defendant Antonio violently shoved Ms. Dari into the ground, slamming her forehead onto the pavement.

38. Defendant Doe 2 and Defendant Doe 3 or Defendant Antonio then used the weight of their bodies to press Ms. Dari into the ground.

39. While Defendants Chan and Does 1-3 assaulted Ms. Dari, Defendants Amaya, Steckiewicz, Landy, and Green stood nearby and watched, but made no attempts to intervene, despite having ample opportunity to do so.

40. In fact, Defendants Amaya, Steckiewicz, Landy, and Green encircled Defendants Chan and Does 1-3 during the assault, allowing them to continue their violence against Ms. Dari unabated and away from the view of bystanders.

41. One of the Defendants handcuffed Ms. Dari tightly with metal cuffs.

42. Defendants then made Ms. Dari wait in the street, cuffed, for over twenty minutes while counter protesters recorded, spit at, and cursed at her.

43. Defendants then loaded Ms. Dari into a police van and drove her to a centralized arrest processing location where she was fingerprinted, photographed, and searched.

44. Defendants forced Ms. Dari to wait in a holding cell for four hours, while she was bleeding from her forehead and ear.

45. Throughout that time, Defendants did not offer or provide Ms. Dari with any food or water.

46. Defendants detained Ms. Dari in an unsanitary cell, which blackened her socks.

47. At 2:35 p.m, Defendants finally released Ms. Dari with a Desk Appearance Ticket, signed by Defendant Sica, and falsely charging Ms. Dari with crimes.

48. Immediately following her release, Ms. Dari sought medical attention at NYU Langone Hospital for her various injuries sustained from the NYPD's abusive and excessive force including bruising on her head, face, and wrists and severe pain running from her head through her right side and back to her pelvis.

49. Ms. Dari was prescribed painkillers for bruising on her wrists, head, face, and pelvis and referred to a concussion specialist for head trauma symptoms.

50. Ms. Dari was diagnosed with a concussion and experienced and continues to experience concussive symptoms including frequent migraines, nausea, light-headedness, brain fog, fatigue, and impaired memory.

51. As a direct and proximate cause of Defendants' conduct, Ms. Dari suffered physical, mental and emotional injuries, including, but not limited to, pain, bruising, and injury to her head, face, wrists, back, spine, pelvis, hip, side, elbows, and knees.

52. Defendant's conduct also directly and proximately caused Ms. Dari to suffer serious disruptions to her academic life and pursuits, along with economic injuries.

53. As described above, in addition to the physical and emotional injuries Ms. Dari sustained, she also sustained injuries to her constitutional, common law, and statutory rights.

## FIRST CLAIM FOR RELIEF

### New York City Administrative Code §§8-801, *et seq.,* Claims

54. Ms. Dari incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

55. New York City Administrative Code §8-803(a) through (c) provides as follows, in relevant part:

a. "A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate relief."

b. "The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief."

c. "A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a

> complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section 8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right."

56. Given that a "covered individual" under §8-801 means "(i) an employee of the police department or (ii) a person who is appointed by the police commissioner as a special patrolman," each Individual NYPD Member is considered a covered individual. §8-801.

57. Plaintiff is a "person[s] aggrieved" because she was (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

58. Defendant City is liable as an employer, as set out above.

59. Defendants' use of force against Plaintiff was unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before Defendants.

60. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

61. Further, it is not a defense to liability under §§8-801 *et seq*. that a covered individual has qualified immunity or any other substantially equivalent immunity.

62. Thus, the Court should award both compensatory and punitive damages against all parties (including the City), and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

## **SECOND CLAIM FOR RELIEF**

**Violations of New York State Common Law**
**False Arrest, False Imprisonment, and Unreasonable Detention**

63. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

64. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

65. In performing the actions and behaviors described above, Defendants did falsely detain Plaintiff within the meaning of New York common law without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so.

66. Plaintiff additionally was conscious of the confinement.

67. Plaintiff did not consent to the confinement.

68. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

69. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## THIRD CLAIM FOR RELIEF

**Violations of New York State Common Law**
**Assault**

70. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

71. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

72. Defendants placed Plaintiff in fear of imminent harmful or offensive contact.

73. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

74. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FOURTH CLAIM FOR RELIEF

### Violations of New York State Common Law
### Battery

75. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

76. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

77. Defendants intentionally subjected Plaintiff to physical contact without her consent.

78. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological

and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

79. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FIFTH CLAIM FOR RELIEF

### Violations of New York State Common Law
### Intentional and Negligent Infliction of Emotional Distress

80. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

81. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

82. In performing the actions and behaviors described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

83. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

85. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SIXTH CLAIM FOR RELIEF

### Violations of the New York State Constitution

86. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

87. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

88. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution.

89. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

90. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

91. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SEVENTH CLAIM FOR RELIEF

**Unlawful Seizure / False Arrest**
**Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution**

92. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

93. Defendants seized and arrested Plaintiff without any judicial warrant.

94. Plaintiff was conscious of her confinement and did not consent.

95. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

96. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## EIGHTH CLAIM FOR RELIEF

**Excessive Force**
**Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution**

97. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

98. Defendants' use of force against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted them.

99. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

100. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## NINTH CLAIM FOR RELIEF

### First Amendment
### Pursuant to 42 U.S.C §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution

101. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

102. Defendants imposed restrictions on Plaintiff's protected speech and/or conduct that violated Plaintiff's First Amendment rights.

103. Defendants' retaliatory restrictions Plaintiff complain of herein imposed upon Plaintiff's First Amendment rights to participate in, observe, and/or stand nearby speech, conduct, association, and/or other expressive activities protected by the First Amendment in public were themselves regulations on Plaintiff's protected conduct that:

a. Were viewpoint discriminatory and/or otherwise not content-neutral, and were not necessary, and precisely tailored, to serve compelling governmental interests, and/or were not the least restrictive means readily available to serve those interests; or,

b. Were content-neutral but nonetheless lacked sufficiently narrow tailoring to serve a significant governmental interest in that the restrictions substantially burdened more protected speech and/or conduct than was necessary to serve those interests, and/or failed to adequately provide alternatives for Plaintiff's protected expression, including in that Plaintiff's abilities to communicate effectively were threatened or limited; and/or

c. Afforded Defendants unbridled or otherwise inappropriately limited discretion to limit or deny Plaintiff's ability to engage in protected conduct (also raising

constitutionally significant Due Process-based vagueness and/or overbreadth concerns); and/or

d. Amounted to the imposition of strict liability on Plaintiff for engaging in protected speech and/or expression.

104. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

105. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## TENTH CLAIM FOR RELIEF

**First Amendment Retaliation**
**Pursuant to 42 U.S.C §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution**

106. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

107. Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment.

108. Defendants engaged in the acts and omissions complained of herein in retaliation for Plaintiff's protected speech and/or conduct.

109. Defendants engaged in the acts and omissions complained of herein in an effort to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

110. Defendants engaged in the acts and omissions complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

111. Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment-based claims with malice.

112. Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment retaliation claims, in response to the perceived viewpoint and/or message expressed by Plaintiff.

113. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

114. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## ELEVENTH CLAIM FOR RELIEF

**Municipal Liability**
**Pursuant to 42 U.S.C §1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the First, Fourth, and Fourteenth Amendments to the United States Constitution**

115. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

116. All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed defendants pursuant to: (a) formal policies, rules, and procedures of Defendant City; (b) actions and decisions by Defendant City's policymaking agents; (c) customs, practices, and usage of the NYPD that are so widespread and pervasive as to constitute de facto policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by Defendant City and other policymaking officials; (d) Defendant City's deliberate indifference to Plaintiff's rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution, as evidenced by the City's failures, and the failures of the City's policymaking agents, to train, supervise,

and discipline NYPD officers, despite full knowledge of the officers' wrongful acts, as described herein.

117. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

## <u>TWELFTH CLAIM FOR RELIEF</u>

### Violations of New York Civil Rights Law
### Pursuant to McKinney's Civil Rights § 28, Failure to Provide Medical Attention for Persons Under Arrest
### Against All Defendants

118. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

119. After assaulting and arresting Plaintiff, Defendants violated McKinney's Civil Rights Law § 28 in that Plaintiff was not given medical attention for the head trauma and bleeding she experienced while held at the arrest processing location.

120. McKinney's Civil Rights Law § 28 creates a private right of action that explicitly provides for damages and costs, as well as attorneys' fees.

121. Defendants' actions and omissions alike violate New York Civil Rights Law § 28 such that all the remedies available thereunder are appropriate.

122. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

123. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## THIRTEENTH CLAIM FOR RELIEF

**Due Process**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' Rights Protected Under the Fifth and Fourteenth Amendments to the United States Constitution*
**Against All Defendants**

124. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

125. As described above, Defendants enforced offenses in a manner that rendered them constitutionally void for vagueness and/or overbroad, such that their enforcement against Plaintiffs violated their Due Process rights, in that Defendants' enforcement in connection with those offenses failed to provide and/or reflected the absence of adequately clear standards to guide police officials' extremely broad discretion to arrest anyone at their whim, based on ad hoc determinations, often without fair warning.

126. Additionally, Defendant City, including by its officials designed and/or implemented policies and practices pursuant to which those Defendants who ordered, effected, and otherwise participated in seizing and/or retaining Plaintiffs' property and/or detaining Plaintiffs in the conditions as described subjected Plaintiffs to the violations of their Due Process rights described elsewhere herein.

127. As a result of Defendants' acts and omissions, Defendants deprived Plaintiffs of their federal, state, and/or other legal rights; caused Plaintiffs bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiffs to expend costs and expenses; and/or otherwise damaged and injured Plaintiffs.

128. The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

I. Actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

II. Actual damages in an amount to be determined at trial against the City of New York, pursuant to 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(1)(ii);

III. Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia*, 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(2), and New York common law; and

IV. Such other and further relief as the Court may deem equitable, just, and proper.

Dated: July 24, 2026
Queens, New York

**COHEN&GREEN P.L.L.C.**

By: ______________________
Elena Cohen
Leena M. Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
leena@femmelaw.com

**GIDEON ORION OLIVER**

______________________
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiff*

**THE ABOUSHI LAW FIRM P.L.L.C.**

______________________
Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com